**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4051**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

MARK MURPHY, a/k/a Carlos Sentrell Murphy, a/k/a Mark
Murphy, Jr.,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Louise W. Flanagan,
District Judge. (5:11-cr-00086-FL-1)

Submitted: July 26, 2012         Decided: August 7, 2012

Before WYNN, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  Thomas G. Walker, United States Attorney, Jennifer
P. May-Parker, Kristine L. Fritz, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Murphy pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) (2006) (Count 1) and knowingly possessing a stolen firearm under 18 U.S.C. § 922(j) (2006) (Count 2). Murphy's advisory Sentencing Guidelines range was 92-115 months of imprisonment and he was sentenced to 115 months. On appeal, Murphy argues that the district court committed procedural error in determining his sentence because it did not adequately address counsel's argument that a lower sentence was appropriate because of his close family ties. For the reasons that follow, we affirm.

We review a sentence for reasonableness applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 49 (2007). In determining whether a district court committed any significant procedural error, we look to any failure in the calculation (or the improper calculation) of the Guidelines range, the treatment of the Guidelines as mandatory, the failure to consider 18 U.S.C. § 3553(a) (2006) factors, the selection of a sentence using clearly erroneous facts, and any failure to adequately explain the chosen sentence, including any deviation from the advisory Guidelines range. Gall, 552 U.S. at 51.

Although an individualized explanation must accompany every sentence, United States v. Lynn, 592 F.3d 572, 576 (4th

2

Cir. 2010); <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009), a sentencing court need not necessarily issue a comprehensive and detailed opinion, although the court's explanation must nonetheless be sufficient to satisfy the appellate court that the district court considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority. <u>United States v. Boulware</u>, 604 F.3d 832, 837 (4th Cir. 2010). When the judge decides simply to apply the advisory Sentencing Guidelines, however, "doing so will not necessarily require lengthy explanation." <u>Rita v. United States</u>, 551 U.S. 338, 356-57 (2007). Moreover, if a sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. <u>United States v. Abu Ali</u>, 528 F.3d 210, 261 (4th Cir. 2008); <u>United States v. Allen</u>, 491 F.3d 178, 193 (4th Cir. 2007); <u>see</u> <u>Rita</u>, 551 U.S. at 347.

Here, the district court noted it was not imposing a fine because Murphy had dependents, his two daughters. Moreover, the court discussed the Bureau of Prisons' practice of trying to incarcerate prisoners near their families. Thus, we find evidence that the court considered Murphy's close family ties argument. Moreover, the court expressly considered the § 3553(a) factors, listened to the arguments of counsel and to Murphy himself, and imposed a sentence within a properly

3

calculated advisory Guidelines range. Under these circumstances, we find that Murphy has provided no grounds to overcome the appellate presumption of correctness of his within-Guidelines range sentence.

Accordingly, we affirm Murphy's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED